UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODERICK L REESE, | § | |
| TDCJ # 01027930, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0389 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Roderick L. Reese is an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ").  Reese has filed a petition for a writ of habeas corpus to challenge the result of prison disciplinary proceeding number 20170250007 (Dkt. 1, 7).   Respondent has filed a motion for summary judgment (Dkt. 15) and has submitted the disciplinary records (Dkt. 17).   Petitioner has not yet filed a summary judgment response.

Petitioner has filed multiple requests for relief, in particular:  motion for production of documents (Dkt. 4); motion for a temporary restraining order (Dkt. 18, 19); motion for order to show cause (Dkt. 21); motion for leave to file discovery (Dkt. 23); motion for appointment of counsel (Dkt. 24); and motion requesting more time, discovery, and appointment of counsel (Dkt. 26).

**A. Extension of Time**

The Court grants Reese's request for an extension of time to respond to Respondent's summary judgment motion. Reese's response must be filed by **August 3, 2018.** If Petitioner fails to file a timely response, the Court may dismiss this habeas action for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Respondent may file a reply by **August 10, 2018**.

**B. Discovery and Production of Documents**

Petitioner claims that he was "denied witnesses and evidence" at the Hutchins Unit in connection with Case No. 20170250007 because the counsel substitute committed unspecified "wrongful acts" (Dkt. 26, at 2). He alleges that, since his transfer to other TDCJ units, he has been refused access to witness statements or the hearing tape from his disciplinary proceeding, and seeks additional information regarding the Hutchins Unit employees, his disciplinary proceeding, and the underlying incident (Dkt. 23). Reese also seeks production of documents pertaining to Patrick Williams, without explaining the relevance to the pending habeas action (Dkt. 4).

Reese asserts that he has been prevented from presenting "a multitude of facts," but does not specify any particular witness statements or other evidence that would be relevant to the claims in his petition. Because Reese was present at the disciplinary hearing, much of the information he seeks apparently is within his knowledge. Nevertheless, despite these deficiencies in Reese's requests, the Court will order the Clerk to provide him with a copy of the disciplinary grievance records and disciplinary

hearing records filed by Respondent (Dkt. 17), which total fifteen pages. All other requests for discovery and production of documents (Dkt. 4, 23) are denied.

**C.     Requests for Injunctive Relief and a Show Cause Order**

Reese has filed requests for a temporary restraining order (Dkt. 18, 19) and a motion for an order to show cause (Dkt. 21). These filings seek relief also requested in his habeas petition, in particular, restoration of Reese's line class and custody status to the level he had attained before the disciplinary proceeding in Case No. 20170250007. Because these issues will be addressed on summary judgment, Reese's requests for injunctive relief and a show cause order are denied without prejudice.

**D.  Appointment of Counsel**

Reese has moved the Court for appointment of counsel (Dkt. 24, 26). Habeas corpus proceedings in federal court are civil actions for which there is no absolute constitutional right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992) ("there is no constitutional right to counsel in federal habeas"). However, a federal habeas corpus court may appoint counsel for a petitioner where "the interests of justice so require and such person is financially unable to obtain representation." *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985); *see also* 18 U.S.C. § 3006A. The issues in this case, which concern a prison disciplinary proceeding, are not particularly complex. Moreover, Reese has thus far shown himself capable of self-representation and has filed appropriate motions for relief. The Court finds that this is

not an exceptional case involving complex legal issues that would justify the appointment

of counsel at this time. *See Schwander*, 750 F.2d at 502; *see also* Rules 6(a) and 8(c),

Rules Governing Section 2254 Cases in the United States District Courts. Accordingly,

the Court will deny the motion for appointment of counsel. As the case progresses,

however, the Court will revisit the issue on its own motion as necessary.

**E.    Conclusion and Order**

For the foregoing reasons, the Court **ORDERS** as follows:

1.    Petitioner's request for an extension of time, discovery, and appointment of counsel (Dkt. 26) is **GRANTED IN PART**. Petitioner's summary judgment response is due by **August 3, 2018**. Respondent may file a reply by **August 10, 2018**. The Court **INSTRUCTS** the Clerk to provide Petitioner with a copy of the disciplinary grievance records and disciplinary hearing records (Dkt. 17). All requests in Dkt. 26 not specifically granted, including requests for production of documents, discovery, and appointment of counsel, are **DENIED**.

2.    Petitioner's requests for injunctive relief and a show cause order (Dkt. 18, 19, 21) are **DENIED without prejudice**.

3.    Unless specifically granted above, Petitioner's requests for discovery or production of documents (Dkt. 4, 23) are **DENIED**.

4.    Petitioner's motion for appointment of counsel (Dkt. 24) is **DENIED**.

The Clerk of this Court shall send a copy of this order to the parties.

SIGNED at Galveston, Texas, this 10th day of July, 2018.

George C. Hanks Jr.
United States District Judge