UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODERICK L REESE, | § | |
| TDCJ # 01027930, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0389 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Roderick L. Reese is an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Reese has filed a petition for a writ of habeas corpus to challenge the result of prison disciplinary proceeding number 20170250007 (Dkt. 3, 7). Respondent filed a motion for summary judgment (Dkt. 15) and submitted the disciplinary records (Dkt. 17). Petitioner filed a summary judgment response (Dkt. 28). After reviewing the petition, the parties' filings, the applicable law, and all matters of record, the Court grants summary judgment for Respondent and dismisses the habeas petition for the reasons explained below.

**I.    BACKGROUND**

In 2001, Reese was convicted in Harris County of burglary of a habitation, case number 864932, and was sentenced to twenty years in TDCJ (Dkt. 16). In these federal habeas proceedings, Reese seeks relief from a conviction in disciplinary case number 20170250007, which was entered at TDCJ's Hutchins Unit. Respondent has provided

the Court with the disciplinary grievance records and disciplinary hearing records (Dkt. 17).[1]

On April 28, 2017, after a hearing, Reese was convicted of fighting with another inmate without a weapon (Dkt. 17-2, at 3).[2] Reese had been notified of the hearing on April 25, 2017 (*id*.). The hearing records indicate that Reese was charged with striking the other inmate in the upper body with a closed fist, and that the other inmate had received first aid for his injuries (*id*.). Reese pleaded not guilty and stated that he "did not engage in a fight according to Webster['s] dictionary" (*id*.). He maintained that he had been "attacked" during an "offender protection investigation," or "OPI" (*id.* at 5). The hearing officer found him guilty of the charge based on the charging officer's report, the officer's testimony; and the surveillance video (*id.* at 3). *See id.* at 4-6 (disciplinary case worksheets); *id.* at 7 (offense report).

As a result of the conviction, Reese lost ninety days of previously earned good time credit. In addition, he lost forty-five days of recreation privileges, forty-five days of commissary privileges, and forty-five days of telephone privileges, and his line class was reduced (*id*. at 3).

Reese challenged his disciplinary conviction through TDCJ's administrative grievance procedure. *See* Dkt. 17-1, at 3-4 (Step One Grievance); *id.* at 5-6 (Step Two Grievance). After review, TDCJ denied relief at both stages of the process:

---

[1] In its order dated July 10, 2018 (Dkt. 27), the Court ordered the Clerk to provide Reese with a copy of these documents.

[2] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

> The hearing records support the guilty finding. The punishment was within established guidelines and no due process errors identified. Investigation reveals no offender protection investigation was requested prior to the altercation.

(*Id.* at 6).

Reese alleges that his due process rights were violated during the hearing because his counsel substitute "sabotaged [his] due process" (Dkt. 7, at 6). He further argues that the hearing officer "denied evidence, witnesses, policy, procedures, rules, etc., . . . in order to cover up the fact that I was attacked during an OPI" (*id.*). He maintains that he did not initiate a fight, but rather was attacked by the other inmate as he packed his belongings to move due to an OPI that had been initiated at his request (Dkt. 28, at 2). He states that the hearing officer's conclusion that he struck the other inmate in the upper body was a "fabrication" (*id.* at 11). He argues that TDCJ officials failed to follow OPI procedures, which led to the attack against him, and then covered up the truth to protect themselves during the investigation (*id.* at 2-4). He further argues that he was denied witnesses and evidence in his favor and was denied the opportunity to cross-examine witnesses (*id.* at 3, 11).[3]

In her summary judgment motion, Respondent argues that Reese's claims are not fully exhausted, that several punishments imposed against Reese do not implicate the due process clause, and that the loss of ninety days of good time credit did not violate his due process rights.

---

[3] Reese also appears to argue in his summary judgment response that he did not commit the crime for which he is incarcerated (*id*. at 1). This argument is irrelevant to this habeas proceeding challenging disciplinary case number 20170250007.

## II. LEGAL STANDARDS

### A. *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal quotation marks and citation omitted). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

### B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).

## C.     Prison Disciplinary Proceedings

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson,* 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (internal quotation marks and citation omitted). To prevail, a habeas corpus petitioner must establish a constitutional violation.

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472 (1995); *Toney v. Owens,* 779 F.3d 330, 336 (5th Cir. 2015). The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin,* 515 U.S. at 487. *See also Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must

have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

### III. <u>ANALYSIS</u>

As a preliminary matter, this Court may hear Reese's petition because, at the time he filed his habeas petition, he was incarcerated at the Wayne Scott Unit in Angleton, Texas (Dkt. 9), which is in the Galveston Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(1); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

#### A. Exhaustion

Under 28 U.S.C. § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Texas prisoners who challenge the result of a prison disciplinary conviction must seek relief through the two-step prison grievance process that is available within the TDCJ. *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986); *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (describing the two-step grievance process available in TDCJ); TEX. GOV'T CODE § 501.008.

Respondent argues that Reese did not fully exhaust his claims, in particular, his claim that his counsel substitute sabotaged his hearing. Reese disagrees and maintains that his claims were fully exhausted (Dkt. 28, at 6). Because Reese's Step Two Grievance did not specifically address the counsel substitute, this claim appears subject to dismissal for failure to exhaust administrative remedies. More fundamentally, however,

habeas relief will be denied because Reese cannot demonstrate a constitutional violation in this case, as explained below.

### B. Line Class Status and Loss of Privileges

The penalties imposed against Reese as a result of his disciplinary conviction included forty-five days of recreation privileges, forty-five days of commissary privileges, forty-five days of telephone privileges, and reduction of his line class status (Dkt. 17-2, at 3). The Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Reductions in a prisoner's classification, which can have a potential impact on the prisoner's ability to earn good time credit, also are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the above-referenced sanctions do not implicate a protected liberty interest, Reese is not entitled to habeas corpus relief from these forms of punishment.

### C. Good Time Credit

Respondent agrees that Reese is eligible for mandatory supervision. He therefore had a protected liberty interest in his previously earned good-time credits. *See Teague v. Quarterman,* 482 F.3d 769, 775-76 (5th Cir. 2007) (citing *Malchi,* 211 F.3d at 956). When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due

process clause to insure that this state-created right is not arbitrarily abrogated." *Madison,* 104 F.3d at 768 (citing *Wolff,* 418 U.S. at 557).

In *Wolff,* the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See id.* at 563-67.

The record demonstrates that these procedural due process requirements were satisfied during Reese's disciplinary proceedings. First, Reese acknowledged notice of the hearing on April 25, 2017, three days before the hearing date (Dkt. 17-2, at 3). Second, although Reese appears to assert that he was denied the opportunity to present evidence or question witnesses, the hearing record indicates that multiple witnesses were called, that Reese cross-examined witnesses, and that Reese presented a statement to the hearing officer (*id*. at 4-6). Third, the hearing officer provided a written statement explaining the disciplinary action taken against Reese and listing the evidence supporting

the conviction (*id.* at 3) (stating that the guilty finding was based on the officer's report, officer's testimony, and surveillance video). Respondent is entitled to summary judgment on this issue. *See Wolff*, 418 U.S. at 563-67.

Reese also argues that the evidence against him was insufficient to support the guilty finding. Disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *Broussard v. Johnson,* 253 F.3d 874, 876-77 (5th Cir. 2001); *see Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). "The goal of this standard—variously a 'modicum of evidence,' 'any evidence,' or 'some evidence'—is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001). Therefore, a habeas court will not disturb the findings of a prison disciplinary hearing "unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). Additionally, habeas courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings. *Hudson,* 242 F.3d at 537.

The offense report, officer's testimony, and surveillance video in Reese's case is more than sufficient to support his disciplinary conviction. *See id.* at 536-37. Although Reese disputes the evidence, this Court may not weigh the evidence. *See id.* at 537.

Reese has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Accordingly, the respondent is entitled to summary judgment and the petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes

that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.  CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. Respondent's motion for summary judgment (Dkt. 15) is **GRANTED**.

2. The petition for a writ of habeas corpus is **DENIED** and this case is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

A separate final judgment will issue.

The Clerk of this Court is instructed to send a copy of this order to the parties.

SIGNED at Galveston, Texas, this 25th day of September, 2018.

_____
George C. Hanks Jr.
United States District Judge